**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4157

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RISCHARD ADOLPHUS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (CR-04-42-F)

Submitted: June 22, 2006                     Decided: June 26, 2006

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Walter H. Paramore, III, Jacksonville, North Carolina, for Appellant.  Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Rischard Adolphus pled guilty, pursuant to a written plea agreement, to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). Adolphus was sentenced following the Supreme Court's opinion in United States v. Booker, 543 U.S. 220 (2005). The district court applied the holding of Booker and sentenced Adolphus to 115 months imprisonment, followed by three years of supervised release. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but addressing whether Adolphus was properly sentenced in accordance with Booker and United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). Adolphus has filed a supplemental pro se brief in which he asserts that his sentence exceeds the statutory maximum. Finding no error, we affirm.

After the Supreme Court's decision in Booker, a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See Hughes, 401 F.3d at 546. However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the applicable guideline range as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). Id. If the sentence imposed is within the properly calculated guideline range, it is presumptively

reasonable.  United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 74 U.S.L.W. 3654 (U.S. May 22, 2006) (No. 05-10474).

Adolphus' sentence was both within the guideline range of 92-115 months, and, contrary to Adolphus' contention, within the statutory maximum of ten years imprisonment.  See 18 U.S.C. § 924(a)(2) (2000).  Because the district court appropriately treated the guidelines as advisory, and properly calculated and considered the guideline range and the relevant § 3553(a) factors, we find the sentence reasonable.  Accordingly, we affirm.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED